UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE L. JONES, | CV F 05-0405 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN W. A. DUNCAN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

Following a jury trial in Fresno County Superior Court, Petitioner was convicted of robbery with personal use and discharge of a firearm, assault with a firearm, and unlawful possession of a firearm by a felon. The trial court sentenced him to twenty-six years in prison.

Petitioner timely filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). The Court of Appeal affirmed Petitioner's conviction and sentence.

1

1  Petitioner timely filed a petition for review with the California Supreme Court, which was denied on
2  April 28, 2004.
3      On June 7, 2004, Petitioner filed a petition for writ of habeas corpus with the California
4  Supreme Court. The court denied the petition on April 20, 2005.
5      On July 22, 2004, Petitioner filed a petition for writ of habeas corpus with the Fresno County
6  Superior Court. The court denied the petition on the merits on July 29, 2004.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

EXHAUSTION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

3

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

When, as in this case, the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

**DISCUSSION**

Violation of Sixth Amendment Rights

Petitioner contends that his Sixth Amendment rights were violated when he was not allowed to confront his accuser and the trial court admitted the statement of a non-testifying declarant. Petitioner also contends that his counsel was ineffective in raising issues that would have excluded this evidence or exonerated Petitioner.

In addressing the issue of the admission of the statements of the non-testifying declarant, the Court of Appeal explains as follows:

> Appellant contends all of the statements made by Castillo in the field, beginning with his statement to Officer Macias that he had been shot, were inadmissible under the hearsay rule (§ 1200). Conceding that Castillo's in-the-field statements were hearsay (§ 1200, subd.(a)), the People argue that such statements were nonetheless admissible under section 1240, commonly known as the spontaneous declaration exception to the hearsay rule. Appellant counters that such statements were not admissible under section 1240 because they "did not meet the criteria for statements made without deliberation or reflection."[1]

Unpublished Opinion in Case No. F041804, filed February 23, 2004. After discussing relevant cases, the Court of Appeal held in part as follows:

> Whether a hearsay statement satisfies the requirements of the spontaneous declaration exception is "'largely a question of fact' and is within the discretion of the trial court." (*People v. Trimble* (1992) 5 Cal.App.4th 1225, 1234.) Therefore, the trial court's finding on this issue will not be disturbed on appeal unless the facts on which it relies are not supported by a preponderance of the evidence. (*Ibid*.)
>
> . . . .
>
> In the instant case the following is reasonably inferable from the record: when Castillo made the first of his challenged statements, i.e., that he had been shot, he was "screaming" and approximately two minutes had elapsed since he was shot at; when Castillo gave Officer Macias a more detailed account at the scene of the show-up, only a " couple" more minutes had passed and although Castillo was no longer screaming, he "spoke excitedly," and he appeared to be "pretty excited," in pain, and "upset"; and when, while sitting in the ambulance Castillo made the last of the challenged statements, i.e., that appellant was one of the persons who assaulted him, less than five minutes had elapsed since he spoke to the officers at the scene of the show-up, and although he was calmer than before he was "still shaken up." Thus, notwithstanding the factors cited by appellant, the record supports the conclusion that Castillo made all of the challenged statements within minutes of being robbed and shot at, and that at the time of each of those statements, although he calmed somewhat over the course of those few minutes, he was at least "shaken up," i.e., in an agitated state.

The Court of Appeal concluded that under Section 1240, these statements were not made inadmissible by the hearsay rule.

Generally, the admissibility of evidence is a matter of state law, and is not reviewable in a federal habeas corpus proceeding. Estelle, 112 S.Ct. at 477; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.), *cert. denied,* 478 U.S. 1021 (1985). Nevertheless, there can be habeas relief for the

---

[1] Noting that the trial court did not reach the issue of the applicability of section 1370, the Court of Appeal declined to address Petitioner's contention that Castillo's stat

5

admission of prejudicial evidence if the admission was fundamentally unfair and resulted in a denial of due process. Estelle, 112 S.Ct. at 482; Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas, 45 F.3d 1355, 1357 (9th Cir. 1995); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). However, the failure to comply with state rules of evidence alone is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds  Only if there are no permissible inferences that the jury may draw from the evidence can its admission rise to the level of a due process violation. Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).

The court finds that in the present case, Petitioner has not carried his burden of demonstrating that the Court of Appeal's decision on the admissibility of the out-of-court statements  "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  To, the contrary, the Court of Appeal's analysis of the facts, as set forth above, was eminently reasonable.  The evidence presented could properly have been used by the jury to infer that Petitioner was involved in the incident.  Therefore, this court must conclude that this contention presents no basis for habeas corpus relief.

Turning to Petitioner's claims of ineffective assistance of counsel, as Respondent argues, Petitioner has never presented  these claims to the California Supreme Court.   As set forth above, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).   These claims are therefore unexhausted. However, despite the fact that this ineffective assistance of counsel claim is unexhausted, Respondent asks the court to deny it on the merits.  Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not

6

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, [petitioner] must show that the deficient performance prejudiced the defense.  <u>Id</u>. at 687.

As Respondent argues, the record in this case is undisputed that trial counsel made appropriate objections to the admission of Castillo's statements.  Petitioner does not provide this court with additional objections trial counsel could have made, nor any argument as to whether any additional objections would have been successful.  Petitioner also claims that counsel failed to challenge the prosecution's failure to disclose exculpatory evidence and failed to challenge the result of a ballistics test.  Petitioner, however, fails to demonstrate that of these alleged failures effected the outcome of the trial.  Further, Petitioner makes no showing that any exculpatory evidence was withheld by the prosecution.

Finally, Petitioner claims that trial counsel was ineffective for failing to bring to the court's attention that the same charges against Petitioner had twice previously been dismissed "in which the initial purpose for dismissing the charges was due to lack of evidence."   Petitioner asserts that no further evidence was introduced.  He claims that this effected the outcome of the trial because had trial counsel brought up this issue, "the jury would have had a chance to determine the outcome of the evidence." The court finds that this argument has no merit.  Petitioner has  not demonstrated that bringing the prior dismissals to the court's attention would have effected the outcome of the trial.  The jury was obligated to decide the case on the evidence presented to it, not on the fact that the charges had previously been dismissed. The court finds, therefore, that Petitioner has failed to carry his burden in regard to his claim of ineffective assistance of counsel of showing that counsel's allegedly deficient performance prejudiced the defense.  Accordingly, the court finds that Petitioner's claim of ineffective assistance of counsel presents no basis for habeas corpus relief.

<u>Violation of Petitioner's Rights under Evidence Code Sections 1370 and 240</u>

Petitioner contends that the trial court erred when it admitted the extrajudicial statements under the spontaneous declaration exception to the hearsay rule and claims that the court  thereby violated Petitioner's rights under Sections  1370 and 240 of the California Evidence Code.  Federal habeas corpus relief is not available to correct alleged errors in the state court's application or

7

interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985). Further, the failure to comply with state rules of evidence alone is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds. Jammal v. Van de Kamp, 926 F.2d 918, 919-920 (9th Cir. 1991). Accordingly, the court finds that this contention presents no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That the petition for writ of habeas corpus be DENIED;

2) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 7, 2008**           /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE

8